Carol CHINN, Plaintiff–Appellant,

v.

PNC BANK, N.A., Defendant–Appellee.

No. 11–11611
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 12, 2012.

Carol Chinn, College Park, GA, pro se.

Gary C. Tepper, Jonathan C. Lippert, Ballard Spahr, LLP, Washington, DC, Robin Gentry, Ballard Spahr, LLP, Atlanta, GA, for Defendant–Appellee.

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Carol Chinn, proceeding pro se, appeals the dismissal of her complaint against PNC Bank under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Chinn argues on appeal that PNC Bank wrongfully initiated foreclosure proceedings in violation of 12

C.F.R. § 590.4(h). After review, we affirm.

We review *de novo* a dismissal for failure to state a claim. *Cunningham v. Dist. Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir.2010). In reviewing a dismissal under Fed.R.Civ.P. 12(b)(6), we view the complaint in the light most favorable to the plaintiff and accept well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.2007). Although the complaint need not set forth detailed factual allegations, it must allege sufficient facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Section 590.4 of the Code of Federal Regulations, entitled "Federally-related residential manufactured housing loans-consumer protection provisions," sets forth a federal preemption scheme that protects certain borrowers from unfair lending and foreclosure practices. *See* 12 C.F.R. § 590.4(b)(1). The regulation applies only to "manufactured homes" as defined in 42 U.S.C. § 5402(6). *See* 12 C.F.R. § 590.2(g); 12 C.F.R. § 590.4(b)(1).

The district court dismissed Chinn's claim because Chinn's residence is not a "manufactured home" and therefore 12 C.F.R. § 590.4(h) is not applicable to her claim. Chinn did not argue on appeal that 12 C.F.R. § 590.4(h) applied to her residence and has therefore abandoned the argument. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.2008) (stating although we liberally construe pro se briefs, issues not raised in a party's initial brief are deemed abandoned). Even if Chinn had made this argument, it would have failed. The plain language of 12 C.F.R. § 590.4 explicitly limits its scope to manufactured housing, defined as structures "transportable in one or more sections." 42 U.S.C. § 5402(6). Chinn did not allege in her complaint that her property qualifies as a manufactured home and the district court, relying on readily accessible public records, took judicial notice that Chinn's property is not manufactured housing.[1]

**AFFIRMED.**

---

1. A district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records. *See* Fed.R.Evid. 20(b); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n. 2 (11th Cir.2006).